**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AMY BETIT,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

VIVINT, INC.,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CASE #** 0:19cv62419

## CLASS ACTION COMPLAINT

Plaintiff Amy Betit brings this class action against VIVINT, INC., and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under Florida's Electronic Mail Communications Act, Fla. Stat. §§ 668.601-668.610 ("FEMCA").

2. FEMCA "is intended to promote the integrity of electronic commerce and shall be construed liberally in order to protect the public and legitimate businesses from deceptive and unsolicited commercial electronic mail." Fla. Stat. § 668.601.

3. In pertinent part, FEMCA prohibits the transmission from a computer in Florida, or to an electronic mail address that is held by a resident of Florida, of any e-mail that contains false or misleading information in the subject line. *See* Fla. Stat. § 668.603(1)(c).

4. Defendant, among other things, sells home security products and services.

5. Defendant describes itself as "a leading smart home company in North America."

6. To solicit new customers, Defendant sends misleading spam e-mails with no regard for the rights of the recipients of those e-mails.

7. Spam e-mails like Defendant's undermine the integrity of electronic commerce in Florida.

8. As described below, Defendant caused thousands (potentially millions) of misleading e-mails to be sent to Plaintiff and Class Members, causing them injuries, including lost productivity and resources, annoyance, consumption of valuable digital storage space, and/or financial costs.

9. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 668.606(4).

11. This court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). Plaintiff seeks $500.00 in damages for each violation, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

13. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

14. Defendant is a foreign corporation with its principal place of business located at 4931 N. 300 W. Provo, UT 84604.

## **FLORIDA'S ELECTRONIC MAIL COMMUNICATIONS ACT**

15. In pertinent part, FEMCA prohibits the following:

> (1) Initiate or assist in the transmission of an unsolicited commercial electronic mail message from a computer located in this state or to an electronic mail address that is held by a resident of this state which:
>
>    *       *       *
>
> (c) Contains *false or misleading information in the subject line*;

Fla. Stat. § 668.603 (emphasis supplied).

16. Under section 668.602(3), "[c]ommercial electronic mail message" is "an electronic mail message sent to promote the sale or lease of, or investment in, property, goods, or services related to any trade or commerce..." Fla. Stat. § 668.602(3).

17. Under section 668.602(14), "[u]nsolicited commercial electronic mail message" is "any commercial electronic mail message that is not a transactional or relationship message and is sent to a recipient without the recipient's affirmative or implied consent." Fla. Stat. § 668.602(14).

18. A "prevailing plaintiff" in an action under FEMCA is entitled:

> (a) An injunction to enjoin future violations of s. 668.603.
>
> (b) Compensatory damages equal to any actual damage proven by the plaintiff to have resulted from the initiation of the unsolicited commercial electronic mail message or liquidated damages of $500 for each unsolicited commercial electronic mail message that violates s. 668.603.
>
> (c) The plaintiff's attorney's fees and other litigation costs reasonably incurred in connection with the action.

Fla. Stat. § 668.606(3).

19. FEMCA provides for a private right of action, allowing consumers like Plaintiff here to seek the relief outlined in section 668.606(3).

3

20. Specifically, section 668.6075 provides:

> **Unfair and deceptive trade practices.**—A violation of s. 668.603 shall be deemed an unfair and deceptive trade practice within the meaning of part II of chapter 501. In addition to any remedies or penalties set forth in that part, a violator shall be subject to the penalties and remedies provided for in this part.

21. Thus, by incorporating Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-.213, into FEMCA, the Florida Legislature provided consumers a civil remedy. Stated differently, the declaration by the Florida Legislature that a FEMCA violation is deemed an "unfair and deceptive trade practice" and thus "unlawful," triggers the private right of action afforded under FDUTPA.

22. This is further supported by the statute's reference to a "prevailing plaintiff" and the "plaintiff's attorney's fees and other litigation costs…" referenced under the section outlining the relief available to consumers like Plaintiff. *See* Fla. Stat. § 668.606(3).

23. Legislative history further supports the existence of a private right of action under FEMCA. Indeed, the Preamble to the Senate Bill that enacted FEMCA stated that the statute "…authorize[s] the department *and* persons receiving…unsolicited electronic mail to bring an action against persons transmitting that mail…" 2004 Fla. Sess. Law Serv. Cha. 2004-233 (S.B. 2574) (emphasis supplied).

## FACTS

24. Defendant describes itself as "a leading smart home company in North America." The products and services it provides, include, among other things, home security systems and services.

25. Plaintiff has never obtained home security services from Defendant nor has Plaintiff provided Defendant with her email address.

26. Notwithstanding, on or about September 27, 2019, Defendant sent an e-mail to Plaintiff

with the following subject line: "**Free Installation from Vivint – Wow!**"

27. Upon opening Defendant's e-mail, Plaintiff observed a lengthy disclosure in small light font stating "**Minimum $49.99/month services agreement required. Minimum $599 equipment purchase….**"

28. Thus, Defendant's claim of "free installation" is false or misleading.

29. Plaintiff has dozens of similar misleading and/or false e-mails from Defendant.

30. Defendant's e-mail constitutes an unsolicited commercial electronic mail message under FEMCA because (1) it was sent to promote the sale or lease of, or investment in, property, goods, or services related to any trade or commerce; and (2) it was sent without Plaintiff's affirmative or implied consent.

31. Plaintiff is the sole user of the e-mail address to which Defendant transmitted the violative e-mail.

32. Defendant's unsolicited e-mail caused Plaintiff actual harm including lost productivity and resources, annoyance, and consumption of valuable digital storage space.

33. Plaintiff was induced by the misleading subject line in Defendant's e-mail to click on and view Defendant's e-mail.

34. Plaintiff estimates that she has wasted approximately 30 seconds reviewing Defendant's misleading e-mail.

35. Furthermore, Defendant's e-mail took up approximately 75KB of space on Plaintiff's e-mail inbox. The cumulative effect of unsolicited spam e-mails like Defendant's poses a real risk of ultimately rendering a consumer's e-mail inbox unusable and/or requiring the consumer to pay for additional space.

## CLASS ALLEGATIONS

### PROPOSED CLASS

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

37. Plaintiff brings this case on behalf of following Class:

> **All persons within Florida who, within the four years prior to the filing of this Complaint, were sent the same unsolicited commercial electronic mail message sent to Plaintiff, as alleged herein, from Defendant or anyone on Defendant's behalf.**

38. Defendant and its employees or agents are excluded from the Class.

39. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

40. Upon information and belief, Defendant has sent unsolicited commercial electronic mail messages like the ones sent to Plaintiff to thousands of consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

42. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant's e-mails constitute unsolicited commercial electronic mail messages;

6

(2) Whether Defendant's e-mails contain false or misleading information in the subject line;

(3) Whether Defendant is liable for damages, and the amount of such damages; and

(4) Whether Defendant should be enjoined from such conduct in the future.

43. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited commercial electronic mail messages containing misleading subject lines is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

44. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

45. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

46. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly

burdened by individual litigation of such cases.

47. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violation of Florida's Electronic Mail Communications Act
**(On Behalf of Plaintiff and the Class)**

48. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

49. Defendant initiated the transmission of an unsolicited commercial electronic mail message to electronic mail addresses held by residents of this state that contained false or misleading information in the subject line.

50. Defendant failed to secure affirmative or implied consent to transmit the subject e-mails to Plaintiff and members of the Class.

51. Defendant caused harm to Plaintiff and members of the Class, including lost productivity and resources, annoyance, consumption of valuable digital storage space and/or financial costs.

52. Defendant's conduct undermined the integrity of electronic commerce in this state.

53. Plaintiff and members of the Class are therefore entitled to an injunction to prohibit Defendant from further harming consumers, liquidated damages of $500 for each unsolicited commercial electronic mail message sent by Defendant to Plaintiff and members of the Class, as well as their attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amy Betit, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate Florida's Electronic Mail Communications Act;

b. An injunction to enjoin future violations of Florida's Electronic Mail Communications Act;

c. Liquidated damages of $500 for each unsolicited commercial electronic mail message sent to Plaintiff and members of the Class;

d. Attorney's fees and other litigation costs reasonably incurred in connection with this action; and

e. Such further and other relief the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemization associated with e-mails alleged herein.

Date: September 20, 2019

        Respectfully Submitted,

        /s/ Jibrael S. Hindi
        **JIBRAEL S. HINDI, ESQ.**
        Florida Bar No.: 118259
        E-mail:     jibrael@jibraellaw.com
        **THOMAS J. PATTI, ESQ.**
        Florida Bar No.: 118377
        E-mail:     tom@jibraellaw.com
        The Law Offices of Jibrael S. Hindi
        110 SE 6th Street, Suite 1744
        Fort Lauderdale, Florida 33301
        Phone:     954-907-1136
        Fax:        855-529-9540

        *COUNSEL FOR PLAINTIFF*