## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Amy Betit, individually and
on behalf of all others similarly situated,                Case No. 0:19-cv-62419-RAR

    *Plaintiff*,

      v.                                **CLASS ACTION**

Vivint, Inc.,

    *Defendant.*
_____/

## DEFENDANT VIVINT INC.'S MOTION TO DISMISS THE COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, Vivint, Inc. ("Vivint"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves for an order dismissing the Complaint with prejudice. The reasons in support of this motion are set forth in the incorporated Memorandum of Law.

## **INTRODUCTION**

Plaintiff filed this putative class action because she alleges she received a spam e-mail from Vivint in violation of Florida's Electronic Mail Communications Act, Fla. Stat. §§ 668.601 *et seq*. ("FEMCA"). But FEMCA does not provide a private cause of action for e-mail recipients such as Plaintiff. Instead, FEMCA provides that a cause of action can be brought only by the Florida Department of Legal Affairs, or an interactive computer service, telephone company, or cable provider that handles or retransmits an allegedly violative e-mail. Plaintiff, as a matter of law, does not have standing to bring a FEMCA claim.

Moreover, the Complaint also fails to allege that the e-mail is false or misleading as required under FEMCA. Plaintiff alleges that the subject line of the e-mail offers a "free

installation" of Vivint's smart home equipment, and that this is misleading because the free installation requires a minimum equipment purchase and a monthly services agreement with Vivint. But the requirement that the customer purchase the equipment to be installed and sign up for monitoring services is fully disclosed in the text of the e-mail—which is not included in the Complaint but is attached hereto as Exhibit A[1]—and is fully consistent with the subject line offering a free installation. And to the extent that the Complaint seeks to state a claim under FEMCA based solely on the subject line of the e-mail, any such claim is expressly preempted by the Controlling the Assault of Non-Solicited Pornography And Marketing Act of 2003 (the "CAN-SPAM Act"). For any of these reasons, the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

Vivint is a leading smart home and home security company. (*See* Compl. at ¶¶ 4-5.) On or about September 27, 2019, Plaintiff claims that she received an e-mail from Vivint offering installation for smart home services. The subject line stated, "Free Installation from Vivint—Wow!" (the "Alleged E-mail"). (*Id.* at ¶ 26.)

Plaintiff alleges that, when she opened the Alleged E-mail and read its text, she "observed a lengthy disclosure in small light font" stating that she would receive free installation by agreeing to a minimum equipment purchase and per-month services agreement. (*Id.* at ¶ 27.) Although the disclosure in the Alleged E-mail provides additional information about the terms and conditions of the free installation, it does not change or contradict Vivint's offer to provide free installation

---

[1] The court may consider the Alleged E-mail at the motion to dismiss stage because it was incorporated by reference in the Complaint, is central to the plaintiff's claim, and is undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("the court may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed . . . . [I]f the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document.").

of the purchased smart home equipment.  (*See* Exhibit A.)  Nevertheless, Plaintiff asserts that the claim of "free installation," because it requires a minimum equipment purchase and monthly services agreement, is "false or misleading."  (*Id.* at ¶ 29.)

Plaintiff claims that she was "induced by the misleading subject line in Defendant's e-mail to click on and view Defendant's e-mail," that she "wasted approximately 30 seconds" reviewing the e-mail, and that the e-mail "took up approximately 75KB of space on Plaintiff's e-mail inbox." (*Id.* at ¶¶ 32-35.)  She seeks to recover liquidated damages of $500 per e-mail on behalf of herself and all other recipients of the same e-mail.  (*Id.* at ¶ 53.)

## ARGUMENT

### A.    The Complaint Should Be Dismissed With Prejudice Because There Is No Private Cause of Action For E-mail Recipients Under FEMCA.

FEMCA specifically enumerates the categories of potential plaintiffs that may bring an action for a violation of the statute:

> The *department*[2] may bring an action for damages or for declaratory or injunctive relief or may impose a civil penalty as provided in s. 668.6075.  A cause of action, without regard to any other remedy or relief to which a person is entitled, including the right to seek declaratory and injunctive relief against a person who initiates or assists in the transmission of a commercial electronic mail message that violates, has violated, or is otherwise likely to violate s. 668.608, is also available to an *interactive computer service*, *telephone company*, or *cable provider* that handles or retransmits the commercial electronic mail message.

Fla. Stat. § 668.606(1) (emphasis added).  Plaintiff is not an "interactive computer service,"[3] "telephone company," or "cable provider."  She alleges only that she is a recipient of the Alleged

---

[2] "Department" means the Department of Legal Affairs. Fla. Stat. § 668.602(5).

[3] "Interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically, but not limited to, a service or system that provides access to the Internet and the systems operated or services offered by libraries or educational institutions.  Fla. Stat. § 668.602(9).  Plaintiff does not allege that she falls into this category, and she does not.

E-mail, but e-mail recipients are not included within the enumerated categories of potential plaintiffs, and thus do not have a private cause of action under the plain language of the statute.

The Complaint ignores this language and summarily asserts that "FEMCA provides for a private right of action."  (Compl. ¶ 19.)  Plaintiff argues in the Complaint that (1) FEMCA "incorporat[es] Florida's Deceptive and Unfair Trade Practices Act," (2) its reference to a "prevailing plaintiff" implies that relief is "available to consumers like Plaintiff," and (3) that "[l]egislative history further supports the existence of a private right of action under FEMCA." (*Id.* at ¶¶ 20-23.)  Each of these legal contentions—which unlike factual allegations, do not need to be taken as true on a motion to dismiss[4]—are wrong.

First, a district court interpreting a statute begins with the plain language of the statute. *Branche v. Airtran Airways, Inc.* 314 F. Supp. 2d 1194, 1195 (M.D. Fla. 2004) ("Florida courts begin statutory construction by looking to the actual language used."); *Hellwege v. Tampa Family Health Centers*, 103 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (same under federal law).  Here, the plain language of FEMCA provides a limited cause of action only to certain categories of plaintiffs, which do not include e-mail recipients.   FEMCA's enumeration of specific categories of plaintiffs is strong evidence that the Florida legislature intended to limit a private cause of action to those categories.  *See Quilty v. Envision Healthcare Corp.*, Case No. 8:18-cv-341-T-33CPT, 2018 WL 2445824, at *5 (M.D. Fla. May 31, 2018) (no private cause of action for HMO subscribers even though providers could have implied cause of action, as Florida courts are "reluctant to find the legislature intended private parties to have causes of action" without a strong indication of legislative intent); *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994) (no private cause of

---

[4] Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

action under Chapter 489 of the Florida Statutes where "[t]here is no evidence in the language of the statute or the statutory structure that a private cause of action . . . was contemplated by the legislature"). Further, in the specific context of e-mail regulations, FEMCA's limited cause of action—which is available only to the types of entities that may handle or transmit e-mail messages—is analogous to the CAN-SPAM's limited cause of action, which is available only to bona fide internet service providers.[5]

Second, Plaintiff's efforts to piece together some contrary legislative intent based on FEMCA's legislative history should be rejected. The Eleventh Circuit has held that it is "error to cloud the plain meaning of a statutory provision with contrary legislative history." *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1205 (11th Cir. 2007); *Branche*, 314 F. Supp. 2d at 1195 ("If, and only if, the actual language is unclear, do Florida courts explore the legislative history or use rules of statutory construction to determine the legislature's intent in enacting a statute."); *see also Curtis v. City of West Palm Beach*, 82 So. 3d 894, 895 (Fla. 4th DCA 2011) ("If a statute is clear and unambiguous, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.") (quotations and citations omitted). There is no ambiguity in the remedies set forth in FEMCA, nor is there any ambiguity set forth in the enumeration of the potential parties entitled to seek those remedies. Florida courts have not found that any such cause of action (express or implied) exists for e-mail recipients, and federal courts in similar circumstances are reluctant to infer such claims. *See Farlow v. Union Cent. Life Ins. Co.* 874 F.2d 791, 795 (11th Cir. 1989) (declining to find

---

[5] *See Wright v. Publishers Clearing House, Inc.*, 372 F. Supp. 3d 61, 64-65 (E.D.N.Y. 2019) ("Plaintiffs lack standing to bring a cause of action under CAN SPAM" because its private cause of action is limited to internet service providers); *Gordon v. Virtumundo, Inc.*, Case No. 06-0204-JCC, 2007 WL 1459351, at *9 (W.D. Wash. May 15, 2007) (CAN SPAM Act's private cause of action is limited to "bona fide Internet service providers").

private cause of action under state statute based on "reluctan[ce] to read private rights of action in state laws where state courts and state legislatures have not done so").[6]

Third, even if this Court accepts Plaintiff's invitation to wade into FEMCA's legislative history, that history confirms that the legislature did not intend to include a private cause of action for e-mail recipients.  Plaintiff quotes from the Florida Senate bill's preamble to argue that FEMCA authorizes "persons receiving . . . unsolicited electronic mail to bring an action against persons transmitting that mail" (Compl. at ¶ 23), but the legislative history shows that the bill was amended several times after it was introduced.  (*See* Exhibit B (excerpt from Florida Legislature 2004 Reg. Sess. History of Senate Bills at 258; *also available at* http://archive.flsenate.gov/session/index.cfm?BI_Mode=ViewBillInfo&Mode=Bills&ElementID =JumpToBox&SubMenu=1&Year=2004&billnum=2574.).)  The original bill as introduced provided as follows in the "remedies" provision:

> The department may bring an action for damages or for declaratory or injunctive relief or may impose a civil penalty as provided in this section.  A cause of action, without regard to any other remedy or relief to which a person is entitled . . . is available to:  (a) ***A person who receives an unsolicited commercial electronic mail message***; and (b) An interactive computer service, telephone company, or cable provider that handles or retransmits the commercial electronic mail message.

(*See* Exhibit C (S.B. 2574, 2004 Reg. Sess.) (Fla. 2004) (emphasis added), *available at* http://archive.flsenate.gov/data/session/2004/Senate/bills/billtext/pdf/s2574.pdf.)[7]  The language

---

[6] Likewise, Plaintiff's allegation that a private right of action can be implied from the presence of "prevailing plaintiff" attorneys' fees language in FEMCA is contrary to case law.  *See De Dandrade v. United States Department of Homeland Security*, 367 F. Supp. 3d 174, 191 (S.D.N.Y. 2019) ("The statutory allowance for attorney fees by itself cannot be read to grant an implied private right of action. . . .").

[7] The Staff Analysis performed relating to the bill was completed based on this early version of the bill.  *See* Staff Analyses, Florida Senate Website Archive, *available at* http://archive.flsenate.gov/session/index.cfm?BI_Mode=ViewBillInfo&Mode=Bills&ElementID =JumpToBox&SubMenu=1&Year=2004&billnum=2574.

in the *original* bill that referred to a "person who receives an unsolicited commercial electronic mail message" is similar to language in other states where courts have found that a private cause of action exists for e-mail recipients.[8]   But that language was *deleted* by amendment in subsequent versions of the bill.  (*See* Composite Exhibit D (excerpt from Florida Senate Journal, 2004 and Florida Senate S.B. 2574e1), *available at* http://archive.flsenate.gov/data/session/2004/Senate/bills/amendments/pdf/sb2574e1821154.pdf.) The final language appearing in FEMCA, as set forth above, provides a cause of action only for enumerated categories or entities that "handle or retransmit" e-mail messages.[9]

Under the plain language of FEMCA, Plaintiff cannot state a cause of action for her purported receipt of the Alleged E-mail.  Even if this Court were to entertain Plaintiff's allegations of contrary intent in FEMCA's legislative history, that history supports, rather than undermines, the conclusion that e-mail recipients do not have standing to bring FEMCA claims.

**B.**    **The Complaint Also Should Be Dismissed Because Plaintiff Has Failed To Adequately Allege Falsity Or Deception Under FEMCA.**

**1.    Legal Standard**

Because Plaintiff is alleging that she was misled by falsities in the Alleged E-mail, her claim sounds in fraud and is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV , 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) ("The particularity requirement of Rule 9(b) applies to all claims

---

[8] *See* Md. Code Ann., Com. Law § 14-3003(1) (potential plaintiffs include "the recipient of commercial electronic mail" that violates Maryland law), Cal. Bus. & Prof. Code § 17529.5(e) (potential plaintiffs include "[a] recipient of an unsolicited commercial e-mail advertisement").

[9] The website for the Office of the Florida Attorney General offers the same explanation, stating that "spammers may be sued not only by the Attorney General, but also by Internet Service Providers. . . ."  *See* Florida Office of the Attorney General, "SPAM (Junk E-mail)," available at http://myfloridalegal.com/pages.nsf/Main/CB94AA46D5A0974985256EBB006D2E21.

that sound in fraud, regardless of whether those claims are grounded in state or federal law"); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) ("Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirement of Rule 9(b)."). Under Rule 9(b), a party must state "with particularity the circumstances constituting fraud or mistake." The Eleventh Circuit has held that Rule 9(b) requires a plaintiff to plead all of the circumstances surrounding Plaintiff's alleged deception, including, among other things, "the content" of the misleading statements and "the manner in which" those statements misled the plaintiff. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1201 (11th Cir. 2001).

Even under Federal Rule 8's less-demanding pleading standard, Plaintiff still is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For a claim to be facially plausible, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiff's allegations must amount to "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### 2. Plaintiff Has Failed To Adequately Allege The Alleged E-mail Was False or Misleading.

The Complaint fails to state a cause of action because it fails to adequately allege that Plaintiff was deceived or misled by the Alleged E-mail. The Complaint relies entirely on conclusory allegations that the Alleged E-mail's "claim of 'free installation' is false or misleading" (Compl. ¶ 28), but those allegations clearly fail to satisfy the pleading requirements under Rule

8

9(b).  First, as discussed more fully below, the allegations do not reproduce in full the content of

the purportedly misleading communication.  *See Ziemba*, 256 F.3d at 1201 (content of misleading

statements must be set forth in complaint).  Second, the allegations do not plead the "manner in

which" the Alleged E-mail was misleading, given the disclosures therein.  *See id.* (plaintiff must

plead "the manner in which" she was misled).  Thus, Plaintiff's allegations fail under Rule 9(b).

Even under the pleading requirements of Rule 8, Plaintiff fails to plead allegations that the

subject line of the Alleged E-mail was misleading under FEMCA.  A plain reading of that subject

line makes clear that what is being offered is a free *installation* of smart home equipment.  That

offer does not purport to be and is not an offer for free services or free equipment.  And, as the full

text of the e-mail explains, the installation is in fact free, subject to a services agreement and terms

openly disclosed in detail in the body.  For that reason, Plaintiff fails to allege that the subject like

is "likely to mislead the consumer" to his or her detriment.[10]

Courts interpreting similar state e-mail statutes have held that the court is to "view an e-

mail's subject line in conjunction with the body of the e-mail, rather than in isolation."  *E.g.,*

*Rosolowski v. Guthy Renker LLC,* 230 Cal. App. 4th 1403, 1418 (Cal. Ct. App. 2014); *see also*

*Silverstein v. Keynetics Inc.*, 192 F. Supp. 3d 1045, 1052 (N.D. Cal. 2016) (no falsity where

information is "readily ascertainable from the body of the e-mail") (citations and quotations

omitted); *Walton v. Network Sols.*, 110 A.3d 756, 766 (Md. Ct. Spec. App. 2015) (affirming

dismissal of state law claim regarding allegedly misleading subject lines where body of emails

---

[10] Likewise, these allegations fail to adequately allege deception under Florida law.  Under Florida
law, deception occurs only "if there is a representation, omission, or practice that is likely to
mislead the consumer acting reasonably in the circumstances, to the consumer's detriment. . ."
*Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (citing *PNR, Inc. v.
Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)).  This standard requires a showing of
"probable, not possible, deception" that is "likely to cause injury to a reasonable relying
consumer." *Id.*

clarified sender's identity and connection to sender's core business). The body of the e-mail further explains that the only "free" offer being presented to the recipient is for installation of equipment. To make this clear to the recipient, the body of the e-mail states the terms of the offer in large print: "FREE Installation*, $0 Activation Fee, Month to Month Pricing Available."  An asterisk is placed next to the phrase "FREE Installation," which directs the reader to a paragraph below, explaining in full detail the terms and conditions associated with accepting the free installation. The disclosure paragraph states in clear terms that the *only* free offer is for installation, and that the customer must purchase the equipment to be installed and subscribe to a monitoring service. This is apparent from the subject line alone, and is repeated and fortified by the body of the e-mail. *See Rosolowski,* 230 Cal. App. 4th at 1418 ("We conclude that the subject lines' offers of free gifts were not likely to mislead a recipient . . . because the e-mail advertisements made it clear that a free gift was conditional upon a purchase."). Therefore, the Complaint fails to adequately allege a misrepresentation under FEMCA.

## C.  The Complaint Should Be Dismissed With Prejudice Because Plaintiff's Purported Claim Under FEMCA Is Preempted By Federal Law.

The CAN-SPAM Act sets out a national system of regulations for commercial e-mail messages and was specifically enacted by Congress to eliminate the "patch-work of state laws" regulating commercial e-mail messages, and to block the application of labeling or content requirements sought to be imposed on commercial e-mail messages by state laws relating to commercial e-mails. 149 Cong. Rec. 13012, 13023 (2003).  Since *McCulloch v. Maryland*, 17 U.S. 316, 427, 4 L.Ed. 579 (1819), it has been settled that state law that conflicts with federal law is "without effect." *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981). When determining if such a conflict exists, the "purpose of Congress" is the ultimate touchstone.  *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).  State law conflicts with,

and hence is preempted by, federal law when, for example, federal law expressly preempts state law, meaning that Congress "define[s] explicitly the extent to which its enactments pre-empt state law." *English v. General Elec. Co.*, 496 U.S. 72, 78–79 & n. 5 (1990) ("[W]hen Congress has made its intent known through explicit statutory language, the courts' task is an easy one").

The preemption provision in the CAN-SPAM Act is extremely broad:

> This chapter supersedes any statute, regulation, or rule of state. . . that expressly regulates the use of electronic mail to send commercial messages, except to the extent any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or attached information thereto.

15 U.S.C. § 7707(b)(1).   Courts have consistently held that this broad preemption clause "demonstrates Congress's intent that the CAN-SPAM Act broadly preempt state regulation of commercial e-mail . . ." and that the "falsity or deception" requirement, to fall outside of the preemption provision, must rise to the level of common law fraud. *Gordon v. Virtumondo, Inc.*, 575 F.3d 1040, 1061 (9th Cir. 2009) (claims under state statute regarding e-mail subject lines were preempted by CAN-SPAM Act); *Ferguson v. Active Response Group*, 348 Fed Appx. 255, 256 (9th Cir. 2009) (same); *Omega World Travel, Inc. v. Mummagraphics, Inc.,* 469 F.3d 348, 358 (4th Cir. 2006) (same); *Gordon v. BMG Columbia House, Inc.*, 459 Fed Appx. 683, 684 (9th Cir. 2011) (same).

Plaintiff seeks to recover under FEMCA based on her allegation that the subject line of the Alleged E-mail is "false or misleading," regardless of her implicit concession that the full e-mail contains sufficient disclosures to eliminate any purported falsity. (Compl. ¶¶ 26, 28, 33.) Courts interpreting analogous statutes have held that claims focused solely on the subject line of an e-mail—claims that, in essence, attempt to state a cause of action based on small portion of an e-mail presented without context—are preempted by the CAN-SPAM Act. *See, e.g., Martin v. CCH, Inc.*, 784 F. Supp. 2d 1000, 1008 (N.D. Ill. 2011) (finding preemption of Illinois' Electronic Mail

Act, which prohibited sending e-mails with false or misleading information in the subject line); *Hafke v. Rossdale Group, LLC*, No. 1:11-cv-220 2011 WL 4758768, at *4 (W.D. Mich. Oct. 7 2011) (claims under the state Unsolicited Commercial E–Mail Protection Act, which "does not set a materiality standard for misrepresentation," are preempted to the extent that the complaint does not contain allegations of material deception); *Gage E. Services, LLC v. AngelVision Technologies, Inc.*, 2013 WL 286247 at *6 (D.S.D. 2013) ("complete preemption" applied to spam claims brought by an Internet access service provider under South Dakota's Deceptive Trade Practices and Consumer Protection laws).

Courts in other jurisdictions have found preemption based on allegations similar to those set forth here.  In *Omega World Travel*, the plaintiff claimed a violation of an Oklahoma state law based on technical inaccuracies in the e-mail header information.  469 F.3d at 352.  The Fourth Circuit analyzed the phrase "falsity or deception," and concluded that because that phrase refers to "traditionally tortious" conduct, the state statute reached beyond common law fraud or deceit and thus was preempted because it contemplated a private cause of action for immaterial errors in commercial e-mails.  *Id.* at 353.  Likewise, the Ninth Circuit in *Virtumundo* court concluded that "falsity or deception" refers to "traditionally tortious conduct" and held that the plaintiff's state law claims for misrepresentations in an e-mail subject line were preempted by the CAN-SPAM Act.  575 F.3d at 1062.

Stated simply, courts have consistently rejected the theory of liability Plaintiff advances in her Complaint.  Like in *Virtumundo, Omega World Travel,* and *Martin,* Plaintiff's allegation suggests a cause of action can exist under FEMCA based on language in the subject line of an e-mail that, when read with the full content of the e-mail, cannot be alleged to be materially false or misleading.  But as set forth in the decisions applying preemption principles, assessing falsity or

deception under the CAN-SPAM Act requires an assessment of the e-mail in its entirety. Plaintiff asserts a theory of liability that the CAN-SPAM Act does not permit, as her allegations "relate to, at most, non-deceptive statements or omissions and a heightened content or labeling requirement"—and, as courts have made clear, "such state law claims falter under the weight of federal preemption." *Gordon,* 575 F.3d at 1064. Therefore, Plaintiff's claim under FEMCA is preempted by the CAN-SPAM Act.

<strong><u>CONCLUSION</u></strong>

Plaintiff, as an e-mail recipient, does not have a private cause of action to bring a lawsuit under FEMCA. Moreover, the Complaint does not state a claim upon which relief can be granted because it fails to adequately plead that the Alleged E-mail was false or misleading. Finally, to the extent the Complaint asks the Court to find the e-mail at issue to be deceptive or misleading based on its subject line alone, this claim is preempted by the CAN-SPAM Act. Accordingly, this action should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that the Court dismiss this action with prejudice, award Defendant its costs, and grant such other relief as may be deemed just and proper.

<strong><u>LOCAL RULE 7.1(a)(3) CERTIFICATE OF COUNSEL</u></strong>

Pursuant to Rule 7.1(a)(3) of the Local Rules, undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff via e-mail in a good faith effort to resolve the issues raised in this Motion. Plaintiff opposes the relief requested herein.

13

Dated: November 5, 2019

Respectfully Submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Two South Biscayne Boulevard,
Suite 2550
Miami, FL  33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: /s/ *Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
JACQUELINE Z. DEROVANESIAN
Florida Bar No. 125662
jderovanesian@sfslaw.com
docketing@sfslaw.com

*Counsel for Vivint, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of November, 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record via transmission of Notices of Electronic Filing

generated by CM/ECF.

_/s/ Ian M. Ross_
Ian M. Ross

## <u>SERVICE LIST</u>

**Thomas John Patti, III**
**Jibrael Jarallah Said Hindi**
Law Office of Jibrael S. Hindi
110 S.E. 6th Street
Suite 1700
Fort Lauderdale, FL 33301
(954) 907-1136
Fax: (954) 529-9540
E-mail: tom@jibraellaw.com
E-mail: jibrael@jibraellaw.com